KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

SYDNEY SPECTOR #11232
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: Sydney.Spector@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. |
| Plaintiff, | COMPLAINT FOR FORFEITURE; EXHIBIT "A"; VERIFICATION OF SHAUN MORITA |
| vs. | |
| REAL PROPERTY LOCATED AT 4902 KAHALA AVENUE, HONOLULU, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS, | |
| Defendant *in Rem*. | |

## COMPLAINT FOR FORFEITURE

Plaintiff United States of America, by its undersigned attorneys, brings this Complaint for Forfeiture and alleges as follows, in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (hereinafter the "Supplemental Rules"):

## NATURE OF THE ACTION

1.      This is a civil action *in rem* to forfeit and condemn to the use and benefit of the United States the above-captioned real property, as property which constitutes or is derived from proceeds traceable to a violation of any offense constituting a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), including bank fraud in violation of 18 U.S.C. § 1344, and subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

2.      For its claims against the Defendant Property, the United States alleges as follows upon information and belief.

## THE DEFENDANT *IN REM*

3.      The Defendant Property includes all right, title, and interest, including all leasehold interests, in the real property located at 4902 Kahala Avenue, in Honolulu, Hawaii and designated as Tax Map Key Number 1-3-5-008-001, together with all appurtenances and improvements ("the "Defendant Property")". The Defendant Property is more fully described as Exhibit "A," which is attached hereto and incorporated by reference herein.

2

a.  The Defendant Property is titled in the name of Martin Yue-Shan Kao and Tiffany Jennifer Lam, husband and wife, as tenants by the entirety.

b.  Bank of America, N.A. ("BOA") may have an interest in the Defendant Property by virtue of a mortgage, dated June 22, 2020, and recorded in the State of Hawaii Bureau of Conveyances, Land Court, on or about June 29, 2020, as Document Number T-11137027.  BOA is a financial institution within the definition of 18 U.S.C. § 20.

4.  The Defendant Property has not been seized.  The United States does not request authority from the Court to seize the Defendant Property at this time. The United States will, in accordance with 18 U.S.C. §§ 985(b)(1) and (c)(1):

a.  Post notice of this action and a copy of this Complaint on the Defendant Property; and

b.  Serve notice of this action upon the owners of the Defendant Property, and any other known person or entity who may claim an interest in it, along with a copy of this Complaint; and

c.  Record a notice of pendency of action and record it in the Office of the Assistant Registrar of the Land Court of the State of Hawaii, Bureau of Conveyances.

5.    The Defendant Property is now, and during the pendency of this action will be in the jurisdiction of this Court.

## JURISDICTION AND VENUE

6.    Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property.  This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

7.    This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. 1355(b)(1).

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this District and, pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this District.

## BASIS FOR FORFEITURE

9.    The Defendant Property is subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), as property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or a conspiracy to commit such offense.  Pursuant to 18 U.S.C. § 1956(c)(7) and 18

U.S.C. § 1961(1), bank fraud in violation of 18 U.S.C. § 1344 is a specified

unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C).

FACTS

*Kao's Fraudulent Representations to the Bank to Get a Loan to Purchase the*
*Defendant Property*

      10.    On or about March 12, 2020, Martin Kao ("Kao") applied to BOA,

through its Merrill Lynch brokerage division, for a $3 million mortgage loan for

the purchase of the Defendant Property, at a price of $4.5 million.

      11.    In connection with Kao's application, BOA required Kao to provide a

full financial disclosure so that BOA could assess Kao's net worth, cash flow, and

the amount of his liquid assets.  Such submissions allow BOA to assess the

viability and stability of an applicant's financial status and determine

appropriateness for a mortgage loan.

      12.    Among the records requested by BOA were records of Kao's assets,

including his investment account with E-Trade ending in 4054.

      13.    On or about March 16, 2020, Kao digitally altered a February 2020

Statement from E-Trade to falsely represent that his account's value as of February

29, 2020, was $8,388,000.59, when, in fact, the value was only $83,880.59. Kao

subsequently submitted the altered record to BOA in support of his $3 million loan

application.

14.     On or about April 22, 2020, Kao digitally altered a March 2020 Statement from E-Trade to falsely represent that his account's value as of March 31, 2020, was $4,961,400.70, when, in fact, the value was only $49,614.70. Kao subsequently submitted the altered record to BOA in support of his $3 million loan application.

15.     On or about May 7, 2020, Kao digitally altered a Real-Time Values record from E-Trade to falsely represent that his account's value as of May 7, 2020, was $5,691,048.59, when, in fact, the value was only $56,910.48. Kao subsequently submitted the altered record to BOA in support of his $3 million loan application.

16.     On or about May 22, 2020, Kao digitally altered an April 2020 Statement from E-Trade to falsely represent that his account's value as of April 30, 2020, was $5,618,900.02, when, in fact, the value was only $56,189.02. Kao subsequently submitted the altered record to BOA in support of his $3 million loan application.

17.     Also, on or about May 22, 2020, Kao digitally altered a Transaction History record from E-Trade to falsely represent that on May 22, 2020, he paid down the margin loan on his account by $4.1 million, when, in fact, he had paid down his margin loan by only $4,100. Kao subsequently submitted the altered record to BOA in support of his $3 million loan application.

18.     Also, on or about May 22, 2020, Kao digitally altered a Real-Time Values record from E-Trade to falsely represent that, as a result of his purported $4.1 million payment on the margin loan, his account's value as of May 22, 2020, was $10,533,900.70, when, in fact, the value was only $64,339.70. Kao subsequently submitted the altered record to BOA in support of his $3 million loan application.

19.     In or about June 2020, BOA approved KAO's $3 million loan application, and Kao closed on the purchase of the $4.5 million Defendant Property using the proceeds of his scheme to defraud BOA.

20.     As set forth above, from in or about March 2020 to in or about June 2020, within the District of Hawaii and elsewhere, Kao did knowingly execute, and attempt to execute, a scheme and artifice to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the control or custody of BOA, a financial institution, by means of false or fraudulent pretenses, representations and promises, including submitting altered investment account records to BOA that falsely inflated the true value of his E-Trade account ending in 4054.

_Kao Is Charged with, And Pleads Guilty to, Bank Fraud_

21.     In the course of investigating Kao for a different fraud scheme and associated money laundering transactions for which Kao was charged and

7

ultimately pled guilty, *see United States v. Kao*, Crim. No. 21-61 LEK (D. Haw.) (the "COVID-19 Fraud Action"), on or about September 30, 2020, the United States arrested Kao and executed a federal search warrant at Kao's place of employment, known at the time, as Martin Defense Group.  The execution of the search warrant resulted in the recovery of electronic devices, including Kao's computers.

22.    A subsequent analysis of Kao's computer revealed altered financial documents relating to the above-described bank fraud in Paragraphs 13 to 18.   For example:

a.    Kao's computer contained PDFs of E-Trade account statements for the account ending in 4054 with "hidden content" that reflected different versions of the pdf that showed different account balances.

b.    Kao's computer contained screenshots and PDFs that reflect Kao attempting to create backup documentation to support his altered financial statements, including an altered deposit slip and check.

23.    Documents received from E-Trade confirmed that the financial documents relating to the above-described bank fraud in Paragraphs 13 to 18 were altered from their original form.

24.    Documents received from BOA confirmed that the altered financial documents described above in Paragraphs 13 to 18 had been submitted to BOA in support of Kao's $3 million loan to purchase the Defendant Property.

25.    On or about January 5, 2023, a federal grand jury indicted Kao for bank fraud, in violation of 18 U.S.C. § 1344, based on the misrepresentations to BOA for the mortgage to purchase the Defendant Property, as set forth above in Paragraphs 10 to 19.  *See United States v. Kao*, Crim. No. 23-3 LEK (D. Haw.) (the "Bank Fraud Action").

26.    On or about April 5, 2024, Kao pled guilty, without a plea agreement, to the above-described bank fraud in violation of 18 U.S.C. § 1344.  Bank Fraud Action, ECF Nos. 23-25.

27.     On or about February 13, 2025, Kao was sentenced in the Bank Fraud Action and COVID-19 Fraud Action to 87 months imprisonment, and 5 years of supervised release.  *See* Bank Fraud Action, ECF Nos. 40, 52.  Kao has appealed his sentence.

## CLAIM FOR RELIEF

28.    As set forth above, pursuant to 18 U.S.C. § 981(a)(1)(C), the Defendant Property is forfeitable as property constituting, or derived from, proceeds traceable to the bank fraud scheme alleged above, in violation of 18 U.S.C. § 1344, to which Kao has pled guilty.

WHEREFORE, the United States prays that:

1.      Notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the Defendant Property;

2.      The Defendant Property shall be forfeited and condemned to the United States of America;

3.      Plaintiff be awarded its costs and disbursements in this action; and

4.      The Court award such other and further relief as this Court deems just and proper.

DATED:  July 2, 2025, at Honolulu, Hawaii.

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

/s/ Sydney Spector
By _____
SYDNEY SPECTOR
Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA